UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Circuit Mediation Office
Phone (415) 355-7900 Fax (415) 355-8566
http://www.ca9.uscourts.gov/mediation

# MEDIATION QUESTIONNAIRE

The purpose of this questionnaire is to help the court's mediators provide the best possible mediation service in this case; it serves no other function. Responses to this questionnaire are *not* confidential. Appellants/Petitioners must electronically file this document within 7 days of the docketing of the case. 9th Cir. R. 3-4 and 15-2. Appellees/Respondents may file the questionnaire, but are not required to do so.

9th Circuit Case Number(s): 11-15789

District Court/Agency Case Number(s): 4:06-cv-05866

District Court/Agency Location: Northern District of California/Oakland Division

Case Name: Kasadore Ramkissoon et al v. AOL LLC

If District Court, docket entry number(s) of order(s) appealed from: 103 and 154

Name of party/parties submitting this form: Doe 1 and Doe 2 (Plaintiffs)

---

Please briefly describe the dispute that gave rise to this lawsuit.

Please see attached Addendum.

---

Briefly describe the result below and the main issues on appeal.

Please see attached Addendum.

(Please continue to next page)

| Describe any proceedings remaining below or any related proceedings in other tribunals. |
|---|
| None |

| Provide any other thoughts you would like to bring to the attention of the mediator. |
|---|
| The parties are negotiating the terms of a settlement of this matter and have employed a private mediator to assist them in this effort. |

Any party may provide additional information *in confidence* directly to the Circuit Mediation Office at ca09_mediation@ca9.uscourts.gov. Please provide the case name and Ninth Circuit case number in your message. Additional information might include interest in including this case in the mediation program, the case's settlement history, issues beyond the litigation that the parties might address in a settlement context, or future events that might affect the parties' willingness or ability to mediate the case.

## CERTIFICATION OF COUNSEL

I certify that:

☒ a current service list with telephone and fax numbers and email addresses is attached (see 9th Circuit Rule 3-2).

☒ I understand that failure to provide the Court with a completed form and service list may result in sanctions, including dismissal of the appeal.

Signature [signature]

("s/" plus attorney name may be used in lieu of a manual signature on electronically-filed documents.)

Counsel for Plaintiffs

**Note:** Use of the Appellate ECF system is mandatory for all attorneys filing in this Court, unless they are granted an exemption from using the system. **File this document electronically** in Appellate ECF by choosing Forms/Notices/Disclosure > File a Mediation Questionnaire.

**ADDENDUM TO MEDIATION QUESTIONNAIRE**

<u>Ramkissoon v. AOL, LLC.</u>

**Case Number 11-15789**

**Please briefly describe the dispute that gave rise to this lawsuit:**

AOL LLC ("AOL") is an internet service provider, which during the relevant time period, provided access to its services on a paid, subscription basis. Members and authorized users of AOL were allowed access to the internet, along with a variety of proprietary content, applications, tools and alleged privacy and security protections. Like other internet sites such as Google and Yahoo, AOL provided a search engine, which allowed its members to formulate and enter search inquiries. A search inquiry is a word or string of words used to correlate with a list of matching websites. Unbeknownst to AOL members, AOL records and stores member search queries in a manner rendering it possible to connect the stored search queries with a particular member. On July 28, 2006, AOL posted on its website a database containing the search records of nearly 658,000 AOL members of searches made from about March 2006 to May 2006. The disclosed search data includes sensitive information regarding its members and authorized users, including their names, social security numbers, addresses, telephone numbers, credit card numbers, user names, passwords, and financial/bank account information. Personal information contained in the search queries can be used to discover the identity of the person who conducted the search. About ten days after posting the database for public review and downloading, AOL realized its error and removed the database from its website. By that point, however, the database had been downloaded and reposted on other websites. AOL made no serious effort to remedy the disclosure.

On September 22, 2006 Plaintiffs brought a class action alleging that Defendant AOL violated the Electronics Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. § 2702, and various California consumer protection laws when it made the internet search records of nearly 658,000 AOL members and authorized users available to the public.

**Briefly describe the result below and the main issues on appeal:**

On February 12, 2007, the District Court dismissed the complaint based on the forum selection clause contained in AOL's Member Agreement that designates the "courts of Virginia" as the fora for disputes between AOL and its members. Plaintiffs appealed, and on January 16, 2009, the Ninth Circuit reversed the Court's ruling and remanded for further proceedings. *Doe 1 v. AOL LLC*, 552 F.3d 1077 (9th Cir. 2009). Specifically, the court held that "the forum selection clause in the AOL member agreement is "unenforceable as to California resident plaintiffs bringing class action claims under California consumer law." *Id*. at 1084.

In its Order Granting Defendant's Motion to Implement the Ninth Circuit's Mandate, dated February 2, 2010 [Docket Number 154, *see also* Docket Number 103] (the "Mandate Order"), the District Court determined, in relevant part, the following: (1) there is concurrent state court jurisdiction over claims under ECPA; (2) the forum selection clause applies to claims arising under federal law; and (3) Plaintiff California residents may prosecute their claims under California law in California, but if they desire to pursue their ECPA claims, they must do so in Virginia. Later, on March 1, 2011 the District Court determined that it did not have jurisdiction of the claims under California law, and dismissed those claims without prejudice to Plaintiffs re-filing in state court.

Plaintiffs appeal the Court's determination that California Plaintiffs may not pursue their ECPA claims in California, and must instead prosecute those claims in Virginia. Plaintiffs also appeal that portion of the Mandate Order in which the District Court dismissed the claims for unjust enrichment and public disclosure of private facts on the grounds that they are not claims under California consumer law.

**Return to Request Service List Page**

## Service List for Case 11-15789

**CAUTION:** If the word *Active* is in the **ECF Filing Status** column, then your electronic filing will constitute service to the party.
If *Not Registered*, *Exempt*, *Pending*, *Rejected*, or *Suspended* is in the **ECF Filing Status** column, then you must service this party by US Mail.

| Case Number: 11-15789 | ECF Filing Status |
|---|---|
| Adam L. Fotiades<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022 | Not Registered |
| Andrew G. Horne<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022 | Not Registered |
| C. Oliver Burt III<br>BERMAN DeVALERIO<br>Suite 350<br>4280 Professional Center Drive<br>Palm Beach Gardens, FL 33410<br>cburt@bermandevalerio.com | Active |
| Christopher T. Heffelfinger<br>BERMAN DeVALERIO<br>Suite 900<br>One California Street<br>San Francisco, CA 94111<br>cheffelfinger@bermandevalerio.com | Active |
| David S. Flugman<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022 | Not Registered |
| Elizabeth L. Deeley<br>KIRKLAND & ELLIS, LLP<br>Suite 2700<br>555 California Street<br>San Francisco, CA 94104<br>edeeley@kirkland.com | Active |

| | |
|---|---|
| James Kellogg Green<br>JAMES K. GREEN PA<br>Suite 1630<br>222 Lakeview Ave.<br>West Palm Beach, FL 33401 | Not Registered |
| Joseph Serino Jr.<br>KIRKLAND & ELLIS, LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, NY 10022-4611 | Not Registered |
| Joseph J. Tabacco Jr.<br>BERMAN DeVALERIO<br>Suite 900<br>One California Street<br>San Francisco, CA 94111<br>jtabacco@bermandevalerio.com | Active |
| Manuel J. Dominguez<br>BERMAN DeVALERIO<br>Suite 350<br>4280 Professional Center Drive<br>Palm Beach Gardens, FL 33410<br>mdominguez@bermandevalerio.com | Active |
| Richard R. Wiebe<br>LAW OFFICE OF RICHARD R. WIEBE<br>Suite 900<br>One California St.<br>San Francisco, CA 94111<br>wiebe@pacbell.net | Active |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on April 7, 2011.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Joseph Serino Jr.
Andrew G. Horne
Adam L. Fotiades
David S. Flugman
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022

James Kellogg Green
**JAMES K. GREEN PA**
Suite 1630
222 Lakeview Ave.
West Palm Beach, FL 33401

Leslie R. Cuesta